In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00985-CR
____________

MURRAY CLAYTON FRANK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause No. 792286



 
O P I N I O N
          Appellant, Murray Clayton Frank, appeals from the trial court’s
postconviction order pursuant to Article 64.04 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 64.04 (Vernon Supp. 2005). The trial
court’s order stated that the postconviction DNA test results were “not favorable”
to appellant and that, had those results been available during the trial of his offense,
“it is not reasonably probable that appellant would not have been convicted.” In
his sole point of error, appellant contends that the complainant’s DNA would have
been on the towel that he ejaculated into, along with his DNA, if he had penetrated
the complainant’s mouth with his male sexual organ, as the State asserted, but
because her DNA was not present, it is reasonably probable that he would not have
been convicted given the postconviction DNA results. Because the postconviction
DNA results are consistent with the preconviction DNA results, we hold that the
trial court correctly determined that the postconviction DNA test results did not
warrant a finding favorable to appellant under article 64.04. We therefore affirm.
Background
          In 1998, appellant did yard work at the home of complainant, a 79-year-old
woman. About a month later, he returned, uninvited, to her home and asked her if
he could use her telephone. She allowed him to enter the house, escorted him to
the telephone, and went to a room at the rear of the house. After appellant used the
telephone, he entered the room into which complainant had gone. According to the
complainant, appellant placed his male sexual organ into her mouth without her
consent and then ejaculated into a towel. According to appellant, however, he did
not penetrate complainant’s mouth or touch her, but masturbated in her presence
and ejaculated into a towel. Appellant acknowledged that complainant did not
consent to his actions. 
          Appellant was charged with aggravated sexual assault of an elderly person. 
See Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2005) (stating that person
commits aggravated sexual assault by intentionally or knowingly causing sexual
organ to penetrate mouth of elderly complainant). The towel that appellant
ejaculated into was tested for the presence of DNA by the Houston Police
Department Crime Laboratory (HPD Crime Lab), which concluded that appellant’s
DNA profile was consistent with the DNA profile obtained from the towel. 
Appellant pleaded guilty to the charged offense, and the trial court sentenced him
to 25 years in prison. On appeal, appellant’s appointed counsel filed an Anders
brief, stating that there were no valid grounds for appeal, and we affirmed the trial
court’s judgment. Frank v. State, No. 01-99-00265-CR, 2000 WL 351734 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (not designated for publication) (citing
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967)).
          After his conviction and appeal, appellant filed a timely motion under article
64.03 of the Code of Criminal Procedure, requesting that the towel be retested. See
Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2005). The trial court did
not rule on appellant’s motion, however, because the State voluntarily arranged for
a new DNA analysis to be conducted. A private laboratory tested the towel for the
presence of DNA and concluded that appellant’s DNA profile was consistent with
the DNA profile obtained from the towel and that no DNA foreign to appellant was
on the towel.
          On September 8, 2004, the trial court held a postconviction hearing pursuant
to Code of Criminal Procedure article 64.04. See Tex. Code Crim. Proc. Ann.
art. 64.04. The next day, the trial court ruled that it was not reasonably probable
that, had the new DNA test results been available before or during trial of the
offense, appellant would not have been prosecuted or convicted.
          Effect of Postconviction DNA Testing
          The State and appellant both contend that we should review trial-court
rulings under article 64.04 de novo. Under article 64.03, a convicting court may
order forensic DNA testing only if the convicted person establishes by a
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing. See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(2)(A). Article 64.04 states that “[a]fter examining the
results of [DNA] testing under Article 64.03, the convicting court shall hold a
hearing and make a finding as to whether, had the results been available during the
trial of the offense, it is reasonably probable that [appellant] would not have been
convicted.”). Tex. Code Crim. Proc. Ann. art. 64.04. Although article 64.03
provides a convicting court the proper guidelines for deciding whether to allow
retesting of DNA evidence, article 64.04 specifically provides for a subsequent
hearing to determine the likelihood of conviction had the newly acquired results
existed at the time of prosecution. See Tex. Code Crim. Proc. Ann. arts.
64.03(a)(2)(A), 64.04. Articles 64.03 and 64.04 act in concert to establish the
procedures of retesting DNA evidence and reviewing the results. See Baggett v.
State, 110 S.W.3d 704, 705–06 (Tex. App.Houston [14th Dist.] 2003, no pet.). 
          The Court of Criminal Appeals has determined that de novo review is
appropriate for appeals arising under article 64.03 because appellate review does
not depend on determinations of demeanor or credibility, but on application of law
to fact to ascertain whether a defendant has shown, by a preponderance of the
evidence, “that, had the results of the DNA test been available at trial, there is a
51% chance that the defendant would not have been convicted.” Smith v. State,
165 S.W.3d 361, 364 (Tex. Crim. App. 2005). The Court of Criminal Appeals has
not addressed, however, the standard of review for appeals from article 64.04. 
Intermediate appellate courts that have addressed the standard of review for
appellate review of appeals arising under article 64.04 have applied the de novo
standard. See Baggett, 110 S.W.3d at 705 (stating, “The pertinent language of
article 64.04 is almost identical to the language provided in article 64.03; thus, we
apply this [de novo] standard.”); Hicks v. State, 151 S.W.3d 672, 675 (Tex.
App.Waco 2004, pet. ref’d); Booker v. State, 155 S.W.3d 259, 266 (Tex.
App.Dallas 2004, no pet.); Fuentes v. State, 128 S.W.3d 786, 787 (Tex.
App.Amarillo 2004, pet. ref’d).
          Our review of the trial court’s order under article 64.04 does not depend on
determinations of demeanor or credibility, but on application of law to the
undisputed facts concerning the effect of postconviction DNA test results on
whether appellant would have been convicted, were those results known before or
during trial. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We
therefore agree with our sister courts and also conclude that de novo review is
appropriate for appellate review of the trial court’s rulings under article 64.04. See
Hicks, 151 S.W.3d at 675; Booker, 155 S.W.3d at 266; Fuentes, 128 S.W.3d at 787;
Baggett, 110 S.W.3d at 705. In reviewing the trial court’s article 64.04 ruling de
novo, we review the entire record to determine whether appellant established, by a
preponderance of the evidence, that he would not have been convicted because of
favorable DNA test results. See Smith, 165 S.W.3d at 365.
          The record here shows that both the DNA results obtained from the HPD
Crime Lab before appellant was convicted and those obtained from a private
laboratory after his conviction are identical. Both laboratories determined that
appellant’s DNA only was present on the towel. We conclude, therefore, that
appellant has failed to establish, by a preponderance of the evidence, that he would
not have been convicted had the postconviction DNA test results been available
before or during his trial. See id. We hold that the trial court did not err by finding
that appellant’s DNA test results were “not favorable” to him.
          We overrule appellant’s sole point of error.
CONCLUSION
We affirm the judgment of the trial court.
 
 
 
 
 
    Elsa Alcala
    Justice
 
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
 
Publish. Tex. R. App. P. 47.2(b).